UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CITY OF KENNER                                         CIVIL ACTION

VERSUS                                                 NO. 22-2167

CERTAIN UNDERWRITERS AT                                SECTION "R" (3)
LLOYD'S LONDON, ET AL.

## ORDER AND REASONS

Before the Court is defendants' unopposed motion to compel arbitration and stay this proceeding.[1] In lieu of an opposition, plaintiff filed a motion to continue adjudication of defendants' motion to compel arbitration.[2] Defendants oppose plaintiff's motion to continue.[3] For the following reasons, the Court grants defendants' motion to compel arbitration and denies plaintiff's motion to continue.

---

[1] R. Doc. 4. The motion is filed by Certain Underwriters at Lloyd's, London ("Underwriters at Lloyd's"); General Security Indemnity of Arizona ("General Security"); Geovera Specialty Insurance Company ("Geovera"); HDI Global Specialty SE ("HDI"); Indian Harbor Insurance Company ("Indian Harbor"); Lexington Insurance Company ("Lexington"); Old Republic Union Insurance Company ("Old Republic"); QBE Specialty Insurance Company ("QBE"); Steadfast Insurance Company ("Steadfast"); Transverse Specialty Insurance Company ("Transverse"); and United Specialty Insurance Company ("United").
[2] R. Doc. 7.
[3] R. Doc. 9.

## I. BACKGROUND

This case arises from an insurance coverage dispute following Hurricane Ida.[4] Plaintiff, the City of Kenner, owns several properties insured by defendants under account policy number 833148.[5] Plaintiff seeks property insurance proceeds from defendants, surplus lines insurers that jointly subscribed to the account policy, for property damage allegedly caused by Hurricane Ida in August of 2021.[6] Defendants, assertedly acting in concert, refused to pay the amounts demanded by plaintiff under the various policies that comprise the account policy. Plaintiff filed this action to enforce the policies in Louisiana's 24th Judicial District Court for Jefferson Parish on May 31, 2022.[7] Defendants removed the case to federal court pursuant to 9 U.S.C. § 203 on July 13, 2022.[8]

Relevant to the motions at issue, the governing document for the underlying policies ("the Agreement") contains an arbitration clause which states "[a]ll matters of difference between the [parties] . . . shall be referred to an Arbitration Tribunal."[9] Of note, the arbitration clause is not found

---

[4]  *See generally* R. Doc. 1-1 (Complaint).
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  R. Doc. 1.
[9]  R. Doc. 4-3.

within any particular policy, but in the overarching Agreement which governs the relationship between plaintiff and the various insurer-defendants underwriting elements of the account policy. The Agreement also specifies that the amount of loss, if disputed, shall be determined by arbitration.[10] Now defendants seek to compel arbitration and stay this action.[11] Plaintiff did not oppose defendants' motion, but instead filed a motion to continue its adjudication until after mediation took place.[12]

## II.  LEGAL STANDARD

Federal courts apply a heavy presumption in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); 9 U.S.C. § 2. Doubts about the scope of arbitrability are construed in favor of arbitration. *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 755 (5th Cir. 1993) (citing *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985)).

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") governs when a party seeks to compel arbitration outside the United States or otherwise attempts to enforce an

---

[10]    R. Doc. 4-4.
[11]    R. Doc. 8.
[12]    R. Docs. 16 & 17.

arbitration agreement that "aris[es] out of a legal relationship . . . which is considered as commercial" and is not "entirely between citizens of the United States." 9 U.S.C. § 202; *see also Todd v. S.S. Mut. Underwriting Ass'n (Bermuda), Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). The U.S. Congress implemented the Convention through the Convention Act, Pub. L. 91-368, 84 Stat. 692 (1970). Under the Convention Act, courts may compel arbitration "in accordance with [an] agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206; *see Todd*, 601 F.3d at 332 n.4. The Convention Act incorporates the Federal Arbitration Act ("FAA") to the extent that the two do not conflict. 9 U.S.C. § 208; *Todd*, 601 F.3d at 332. The FAA authorizes a district court to enforce stays pending arbitration. 9 U.S.C. § 3.

Under the Convention and the Convention Act, courts "[s]hould compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002). If all four criteria are satisfied, "the Convention requires district courts to order arbitration." *Id.*; *see also Havard v. Offshore Specialty Fabricators*,

4

LLC, No. 14-824, 2019 WL 6218648, at *2 (E.D. La. Nov. 21, 2019). In light of the Convention's criteria and binding precedent, the Court analyzes the instant dispute as follows.

### III. DISCUSSION

The Court denies plaintiff's motion for a continuance and grants defendants' motion to compel arbitration. As an initial matter, plaintiff filed a motion to continue adjudication of defendants' motion while mediation of this dispute was ongoing.[13] The mediation was unsuccessful, and the proposed hearing date plaintiff sought, September 7, 2022, has passed. Accordingly, plaintiff's motion is denied as moot.

Turning to the merits, while Louisiana law ordinarily prohibits enforcement of arbitration clauses covering insurance disputes, the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and it's enabling act 9 U.S.C. §§ 201, *et seq.* ("the Convention Act"), supersede otherwise applicable state law. *See McDonnel Grp., LLC v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431-32 (5th Cir. 2019) (noting that the Convention "preempts conflicting state laws"). As to whether the Convention applies and requires arbitration of this dispute, the

---

13  R. Doc. 7.

Court conducts only "a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

It is not disputed that the four criteria for compelling arbitration are met here as to the foreign defendants. *See* 9 U.S.C. §§ 201, *et seq.* (stating that the Court must compel arbitration when the Convention Act's four criteria are met); *see also Francisco*, 293 F.3d at 273 (likewise). First, the agreement is a written insurance contract containing an arbitration clause. *See Francisco*, 293 F.3d at 273 (holding that the agreement must be in writing for the Convention Act to apply). Further, it provides for arbitration in the United States, a signatory to the Convention. *See id.* (holding that the Convention Act requires that the arbitration take place in a signatory nation). Moreover, the agreement arises out of a commercial legal relationship—the insurance policy issued by defendants to plaintiff. *See id.* (stating that the arbitration agreement must arise out of a commercial legal relationship for the Convention Act to apply); *see also Gulledge v. Certain Underwriters at Lloyd's, London*, No. 18-6657, 2018 WL 4627387, at *2 (E.D. La. Sept. 27, 2018) ("The agreement arises out of Defendant's insurance policy, a commercial legal relationship, issued to Plaintiff."). Lastly, at least some defendants are citizens of nations other than the United States. *See Francisco*, 293 F.3d at 273 (holding that one party to the agreement must be

a citizen of a foreign nation for the Convention Act to apply). Specifically, multiple underwriters at Lloyd's are citizens of the United Kingdom, and HDI is a citizen of Germany.[14] Accordingly, dismissal and compulsory arbitration are required as to the foreign defendants. *Authenment v. Ingram Barge Co.*, 878 F. Supp. 2d 672, 685 (E.D. La. 2012) (holding that if the four criteria are met, the "Court must compel arbitration."). Indeed, another section of this Court has twice compelled these same parties to arbitrate substantially similar disputes. *See City of Kenner v. Certain Underwriters at Llyod's, London*, No. 21-2064, 2022 WL 307295, at *3 (E.D. La. Feb. 2, 2022) (Barbier, J.) (hereinafter "*City of Kenner I*"); *see also City of Kenner v. Certain Underwriters at Lloyd's, London*, No. 22-1921, ECF No. 16 (E.D. La. Aug. 1, 2022) (Barbier, J.) (hereinafter "*City of Kenner II*").

But defendants seek to compel arbitration as to all parties, including the domestic defendants.[15] Defendants apparently concede that the domestic insurers are not automatically bound by the arbitration agreement under the Convention and its enabling statute, referring to these defendants as "nonsignatories."[16] This position, conceded by defendants or not, is in accord with a proper understanding of the insurance at issue and the

---

14    R. Doc. 4-1 at 7.
15    R. Doc. 4-1 at 9-14.
16    *Id.*

7

Convention. Judge Carl L. Barbier, in *City of Kenner I*, found that an account policy identical to the Agreement in this case should not be considered as one contract between plaintiff and defendants. 2022 WL 307295, at *2. Rather, the court in *City of Kenner I* determined that each individual policy that comprised the account policy was its own contract between plaintiff and the respective defendant. *Id.* The Court agrees with Judge Barbier's analysis. The endorsement to the Agreement itself states that "[t]his contract shall be constructed as a separate contract between the Insured and each of the Underwriters."[17] This results in the facial inapplicability of the Convention as to the domestic defendants, because neither party to the bilateral insurance agreements between plaintiff and those defendants is a foreign citizen. *C.f. Freudensprung*, 379 F.3d at 339 (requiring that a party to the arbitration agreement not be a United States citizen for the Court to compel arbitration). Nonetheless, defendants assert that plaintiff is equitably estopped from objecting to arbitration as to the domestic defendants.[18]

      The United States Court of Appeals for the Fifth Circuit has held that "application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially

---

[17]     R. Doc. 4-2 at 5.
[18]     *Id.*

...

interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir.1999)). The *Grigson* court explained that "[o]therwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id.* That same rationale precludes plaintiff from objecting to arbitration as to the domestic insurer-defendants. Here, "compelled arbitration is warranted as to both the foreign [d]efendants, as signatories, and the domestic [d]efendants, as non-signatories whose conduct is 'intertwined, indeed identical.'" *City of Kenner I*, 2022 WL 307295, at *3 (quoting *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020)). Plaintiff's complaint states that the removing defendants and all participating insurers issued a "collective insurance policy."[19] Further, plaintiff does not contest defendants' assertion that at all times, plaintiff has pursued the full value of its claims without differentiation among the insurer defendants, regardless of their various levels of participation on the account policy. Further, plaintiff does not dispute defendants' contention that the insurer defendants

---

19      R. Doc. 1-2 at 2-3 (Complaint ¶ 3).

have acted interdependently and in concert in the adjustment and evaluation of plaintiff's insurance claims. Indeed, plaintiff's own complaint states that defendants collectively insured the relevant property,[20] that defendants—without specification of any one insurer—received proof of loss yet failed to pay amounts due under the account policy,[21] and that by doing so, they all acted arbitrarily and capriciously, breaching their duties of good faith and fair dealing.[22] Plaintiff, by failing to differentiate purported wrongful conduct by any particular defendants, has therefore alleged interdependent and concerted misconduct. *See Holts*, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020) ("By failing to differentiate between the wrongdoing by each defendant, Holts alleges interdependent claims."). Accordingly, equitable estoppel is warranted in this instance. The Court grants defendants' motion and stays this action.[23]

## IV. CONCLUSION

---

[20]     *Id.* at 4 (Complaint ¶ 7).
[21]     *Id.* at 5 (Complaint ¶¶ 17-18).
[22]     *Id.* at 7 (Complaint ¶¶ 29-32).
[23]     Defendants' motion also asserts that the "null and void" defense to arbitration agreements is inapplicable here. R. Doc. 4-1 at 7-8. The Court does not address this issue because plaintiff has not raised that defense.

For the foregoing reasons, the Court DENIES plaintiff's motion to continue as MOOT and GRANTS defendants' motion to compel arbitration and stay this proceeding.

New Orleans, Louisiana, this __16th__ day of November, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE