UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CITY OF KENNER | CIVIL ACTION |
| VERSUS | NO. 22-2167 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is Plaintiff's opposed[1] motion to lift the stay and vacate the arbitration order.[2] For the following reasons, the Court denies the motion without prejudice pending the outcome of the first appeal addressing the conflict described below.

## I. BACKGROUND

This case arises from an insurance coverage dispute following Hurricane Ida.[3] Plaintiff, the City of Kenner, owns several properties insured by defendants under account policy number 833148.[4] Plaintiff seeks property insurance proceeds from defendants, surplus lines insurers that

---

[1]    R. Doc. 19.
[2]    R. Doc. 15.
[3]    *See generally* R. Doc. 1-1 (Complaint).
[4]    *Id.*

jointly subscribed to the account policy, for property damage allegedly caused by Hurricane Ida in August of 2021.[5]  The insurer defendants that subscribed to the account policy include both foreign and domestic insurers. The foreign insurers are Certain Underwriters at Lloyd's, London and HDI Global Specialty, SE.[6]  The domestic insurers are Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company.[7]  Defendants allegedly refused to pay the amounts demanded by plaintiff under various policies that comprised the account policy.  Plaintiff filed this action to enforce the policies in Louisiana's 24th Judicial District Court for Jefferson Parish on May 31, 2022.[8]  Defendants removed the case to federal court pursuant to 9 U.S.C. § 203 on July 13, 2022.[9]

The governing document for the underlying policies ("the Agreement") contains an arbitration clause which states: "All matters of difference

---

[5]    *Id.*
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    R. Doc. 1.

between the [parties] . . . shall be referred to an Arbitration Tribunal."[10]   The arbitration clause is not found within any particular policy, but in the overarching Agreement that governs the relationship between plaintiff and the various insurer-defendants underwriting elements of the account policy. The Agreement specifies that the amount of loss, if disputed, shall be determined by arbitration.[11]

On July 14, 2022, Defendants brought a motion to compel arbitration and stay this action.[12]   Plaintiff did not oppose defendants' motion, but instead filed a motion to continue its adjudication until after mediation took place.[13]   On November 16, 2022, the Court granted the motion to compel arbitration and denied the motion to continue as moot.[14]   In its order, the Court found that the domestic insurers were subject to compelled arbitration under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") through equitable estoppel.[15]

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff now moves the Court to lift the stay and vacate the arbitration order based

---

[10]     R. Doc. 4-3.
[11]     R. Doc. 4-4.
[12]     R. Doc. 4.
[13]     R. Doc. 7.
[14]     R. Doc. 12.
[15]     *Id.*

on intervening changes in the law.[16]  Specifically, Plaintiff relies on *S. K. A. V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024);[17] *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 395 So.3d 717 (La. 2024); and *Certain Underwriters at Lloyd's London, v. Belmont Commons LLC*, No. CV 22-3874, 2025 WL 239087 (E.D. La. Jan. 17, 2025).

The Court considers the motion below.

## II.    LAW AND ANALYSIS

Plaintiff seeks reconsideration of the Court's order compelling arbitration.  Because the Court's order compelling arbitration "d[id] not end the action," it is an interlocutory order, and Rule 54(b) governs the motion for reconsideration.  Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, LP.*, 864 F.3d 326, 336 (5th Cir. 2017); *see also Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*, 685 F. App'x 330, 332-33 (5th Cir. 2017) ("[A]ppeals may not be taken from interlocutory orders compelling arbitration, granting stays

---

[16]    R. Doc. 15.

[17]    *S. K. A. V.* is not determinative of the pertinent question here.  In *S. K. A. V.*, the Fifth Circuit "venture[d] an Erie guess and answer[ed] yes" to the question of whether La. R.S. § 22:868's arbitration prohibition voids an arbitration provision in a contract for surplus lines insurance. *S. K. A. V.*, 103 F.4th 1121, 1122 (5th Cir. 2024).  *S. K. A. V.* is distinguishable from the present case for two key reasons: the case did not involve foreign insurers, and it did not involve the application of the Convention.  *Id.*

pending arbitration, or refusing to enjoin arbitration proceedings."). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990).

In *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. et al.*, 96 F.4th 726 (5th Cir. 2024), the Fifth Circuit followed the reasoning in *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000), to hold that equitable estoppel applied to domestic insurers when "the signatory to the arbitration agreement . . . raises allegations of substantially interdependent and concerted misconduct by both a non-signatory (the domestic insurers) and one or more signatories to the contract (the foreign ones)." *Bufkin*, 96 F.4th at 732. (citing *Pontchartrain Nat. Gas Sys.*, 31 So. 3d 715, 743-45 (La. App. 1 Cir. 2020)). The *Bufkin* Court explained that "the arbitration agreement between the parties is subject to the Convention through equitable estoppel. There is no tension between this position and Louisiana Law." *Id.* at 733.

In *Police Jury*, the Louisiana Supreme Court expressly disagreed with the *Bufkin* decision. The Louisiana Supreme Court held that a "domestic

insurer may not resort to equitable estoppel under Louisiana law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2)." *Police Jury*, 395 So.3d at 729.  The court reasoned that "there is no place in Louisiana law for a common law doctrine addressing subjects of existing positive law."  *Id.* As La. Rev. Stat. 22:868 is positive law, the court concluded that "domestic insurers may not employ [the] common law doctrine [of equitable estoppel] to compel arbitration . . . as it clearly contravenes La. R.S. 22:868(A)(2)."  *Id.*

The conflicting holdings in *Bufkin* and *Police Jury* raise the question of whether a non-signatory domestic insurer may still invoke equitable estoppel to compel arbitration under the Convention through the policies of signatory foreign insurers when, as here, there are separate contracts between the insured and each insurer.

The Eastern District of Louisiana is currently split on this issue. *Compare Belmont Commons,* 2025 WL 239087 at *5 (Fallon, J.) (holding that "whether a plaintiff can be compelled to arbitrate with a domestic insurer based on the plaintiff's arbitration agreement with a foreign insurer [and equitable estoppel] is a matter of state law, not federal law"), *and Apex Hosp. Grp., LLC v. Indep. Specialty Ins. Co.*, No. CV 23-2060, 2025 WL 457874 (E.D. La. Feb. 11, 2025) (Milazzo, J.) (adopting the analysis in

*Belmont Commons*), *with Arrive Nola Hotel, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 24-1585, 2025 WL 871608 (E.D. La. Mar. 20, 2025) (Brown, C.J.) (concluding that federal common law, rather than state law, controls, and estoppel is available), *and Par. of LaFourche v. Indian Harbor Ins. Co.*, No. CV 23-3472 c/w 23-3479, 23-3475, 2025 WL 754333 (E.D. La. Mar. 10, 2025) (Morgan, J.) (same).

In light of the pending appeals in *Police Jury,* Case No. 24-30696, and *Town of Vinton v. Indian Harbor Ins.*, Case No. 24-30035, the Court denies the motion pending a decision by the Fifth Circuit resolving the issue in either appeal.


## III.  CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE plaintiff's motion to lift stay and vacate arbitration order.



New Orleans, Louisiana, this __17th__ day of June, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE